IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-351-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN SAVAGE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before this court on the pre-trial motions filed by Defendant John Savage ("Defendant"). Defendant has filed the following motions: Request for Notice of Intent to Use Rule 404(b) Evidence [DE-207], Motion for Early Disclosure of *Brady/Giglio* Material [DE-206], and Motion to Sequester Government Witnesses [DE-205]. The Government has responded to each of these motions. [DE-225]. Accordingly, these matters are ripe for adjudication.

## STATEMENT OF THE CASE

Defendant John Savage was indicted by a federal grand jury in the Eastern District of North Carolina on October 24, 2012. [DE-1]. Defendant was charged with the following counts: conspiracy to manufacture, distribute, dispense and possess with the intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation on 21 U.S.C. §§ 841(a)(1) and 846 [count one], possession of equipment, chemicals, products and material with the intent to manufacture methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 [count five], possession of pseudoephedrine with the intent to manufacture methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2 [count six], possession with the intent to distribute 500 grams or

more of a mixture or substance containing a detectable amount of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) [count seven], possession of a firearm having a barrel length of less than 18 inches or an overall length of less than 26 inches in the furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c) [count eight], possession of pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) [count nine]. *Id.* This case is set for arraignment at the term of criminal court commencing on March 12, 2013.

## DISCUSSION

### A.  Request for Notice of Intent to Use Rule 404(b) Evidence.

While Defendant has entitled his first motion as a request that the Government disclose its intent to use Rule 404(b) evidence, a reading of the motion indicates that Defendant in fact seeks the disclosure of "the substance of any evidence it [the Government] intends to introduce against Defendant pursuant to Rule 404(b) of the Federal Rules of Evidence, . . ." Req. for Notice of Intent to Use Rule 404(b) Evidence [DE-207] at 1. In a criminal case, Rule 404(b) requires that the prosecution, upon request by the accused, "provide reasonable notice in advance of trial . . . of the general nature of any [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The rule does not however entitle the defendant to the discovery of the 404(b) evidence itself. In its response to Defendant's motion, the Government indicates that it "is aware of its obligation to provide reasonable notice to the defendant of its intent to offer 404(b) evidence during the trial and will abide by the requirements of 404(b) to provide such notice." Gov't's Resp. to Def.'s Mot. to Suppress and Mots. for Prod. of Evid. at 12-13 [DE-225] ("Gov't's Resp.").

2

To the extent Defendant requests notice of the general nature of any 404(b) evidence the Government intends to introduce at trial, Defendant's request is ALLOWED. This notice shall be provided at least one week (seven days) prior to trial. *See United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006). Defendant's request is DENIED to the extent that he seeks the disclosure of Rule 404(b) evidence.

### B. Motion for Early Disclosure of *Brady/Giglio* Material.

Defendant has moved for the disclosure of all exculpatory and impeachment evidence under *Brady v. United States*, 373 U.S. 83 (1962) and *Giglio v. United States*, 405 U.S. 150 (1972). Pursuant to *Brady*, and its progeny, the Government is required to disclose evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. That requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a Government witness. *Giglio*, 405 U.S. at 154. The Government states that it "has provided all of its discoverable material to the defendant except for the identity of the cooperating defendants and *Giglio* material of potential Government witnesses (the Government knows of no *Giglio* material pertaining to law enforcement)." Gov't's Resp. at 13 [DE-225]. The Government responds further that it is "aware of its on-going duty to disclose discoverable material pursuant to *Brady* and *Giglio*" and it "will provide any plea agreements and criminal records of any witnesses on the Thursday prior to trial." *Id.* at 13-14. Nonetheless, Defendant's motion is ALLOWED and to the extent the Government either posses *Brady* and *Giglio* material, it must disclose such material to Defendant.

3

## C. Motion to Sequester Government Witnesses.

Pursuant to Rule 615, Fed. R. Evid., Defendant seeks an order requiring (1) the sequestration of all witnesses the Government intends to call during trial and (2) the prohibition of the prosecutor and case agent(s) from discussing the trial testimony of Government witnesses with other persons who will be called as Government witnesses at trial. Def.'s Mot. to Sequester Gov't Witnesses at 1 [DE-205]. The Government does not oppose the motion, except as it applies to the Government's investigative agent, and states that the Government will designate a case agent at trial. *See* Gov't's Resp. at 12 [DE-225]. Rule 615 of the Federal Rules of Evidence mandates that the court shall exclude witnesses so that they cannot hear the testimony of other witnesses. Fed. R. Evid. 615. Excepted from this rule are parties themselves, designated representatives of corporations, a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. *Id.* A Government investigative agent may be exempted under the rule. *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983).

Defendant's motion to sequester under Rule 615 is ALLOWED. All trial witnesses, not simply those called by the Government, shall be "excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *Cf. United States v. Rhynes*, 218 F.3d 310, 317-21 (4th Cir. 2000) (en banc). Additionally, of course, Defendant may be present throughout trial even if he is expected to testify. *See* Fed. R. Evid. 615(1). Likewise, the Government is permitted to designate one person as a "representative", who may be present throughout trial even if such representative is expected to testify. *See* Fed. R. Evid. 615(2).

4

## CONCLUSION

For the reasons set forth above, this court orders that:

(1) Defendant's Request for Notice of Intent to Use Rule 404(b) Evidence [DE-207] is ALLOWED IN PART and DENIED IN PART;

(2) Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE-206] is ALLOWED; and

(3) Defendant's Motion to Sequester Government Witnesses [DE-205] is ALLOWED.

So ordered, the 27th day of February, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge